## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRIAN DICKSON,<br>      Appellant, | DOCKET NUMBER<br>SF-0752-14-0320-I-1 |
|    v. | |
| UNITED STATES POSTAL SERVICE,<br>      Agency. | DATE: August 21, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Zepuor Parsanian, Tujunga, California, for the appellant.

Catherine V. Meek, Long Beach, California, for the agency.

Donna M. Butler, San Diego, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant was a U.S. Postal Service carrier technician. Initial Appeal File (IAF), Tab 7 at 8. The agency placed him in non-pay status in December 2013 and removed him effective in January 2014. IAF, Tab 2 at 2, 7. The appellant appealed the placement in non-pay status and removal. *Id*. In response to an order to show cause why the appeal should not be dismissed for lack of jurisdiction, the appellant argued that he is a preference-eligible veteran and therefore entitled to appeal rights before the Board. IAF, Tab 6 at 1. The agency filed a motion to dismiss, arguing that the appellant is not a preference eligible. IAF, Tab 7 at 5-7. In a conference call with the administrative judge, the appellant confirmed that he did not have additional military service other than that listed on his Department of Defense Form 214 (DD-214) and that he was not a disabled veteran. However, the appellant stated that he had received notice of possible exposure to contaminated water during his service. IAF, Tab 8 at 1. In the initial decision, the administrative judge granted the agency's motion to dismiss for lack of jurisdiction. IAF, Tab 9, Initial Decision at 2-4. On petition for review, the appellant states that he learned that he might be entitled to

service- connected disability benefits based upon contaminated water exposure and that he filed a claim for such with the Department of Veterans Affairs (VA) in March 2014.  Petition for Review (PFR) File, Tab 1 at 1.  The appellant also states that his spouse became ill in 2002.  *Id*. at 2.  The agency argues, inter alia, that the new evidence does not establish that the appellant is a preference eligible.  PFR File, Tab 4 at 6-7.

¶3    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  A U.S. Postal Service employee may file a Board appeal under chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B)(ii).  5 U.S.C. § 7511(b)(8).  Thus, to appeal an adverse action under chapter 75, a Postal employee: (1) must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) must have completed 1 year of current continuous service in the same or similar positions.  *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).  In this case, it is undisputed that the appellant had at least 1 year of current continuous service.  IAF, Tab 7 at 8.  It is also undisputed that the appellant, who was employed as a carrier technician, was not a management or supervisory employee and did not engage in personnel work.  *Id*.  The appellant instead argues that the Board has jurisdiction based upon his status as a preference-eligible veteran.  IAF, Tab 6 at 1.

¶4    For the purposes of establishing Board jurisdiction, a "preference eligible" is a person entitled to a veteran's preference under 5 U.S.C. § 2108, including certain veterans, disabled veterans, and spouses or mothers of veterans.  For purposes of Title 5, a "veteran" means an individual who "served on active duty in the armed forces during a war, [or] in a campaign or expedition for which a campaign badge has been authorized" and who was honorably discharged.  5 U.S.C. § 2108(1)(A); *Hamilton v. U.S. Postal Service*, 86 M.S.P.R.

215, ¶5 (2000). Status as a "veteran" may be established through certain service during specified periods including from April 28, 1952, to July 1, 1955; from January 31, 1955, to October 15, 1976; from August 2, 1990, to January 2, 1992; and after September 11, 2001. 5 U.S.C. § 2108(1)(A)-(D). Proof of such service is typically shown through the submission of a DD-214 showing the dates of service and any badges and awards received. *Jackson v. U.S. Postal Service*, 91 M.S.P.R. 506, ¶5 (2002). The appellant's DD-214 reflects that he served on active duty from December 1985 to October 1989 and was honorably discharged. The appellant received the Good Conduct Medal, the Rifle Sharpshooter Badge, a Letter of Appreciation, and the Sea Service Deployment Ribbon. IAF, Tab 7 at 9. The appellant confirmed in a conference call with the administrative judge that his DD-214 reflects all of his military service. IAF, Tab 8 at 1. The appellant's service does not confer preference eligible status, however, because the record does not reflect that the appellant served during a war or in a campaign or expedition for which a campaign badge has been authorized, or that he served during the statutorily specified periods. 5 U.S.C. § 2108(1)(A)-(D).

¶5        An individual may also establish preference eligible status by showing that he is "an individual who has served on active duty in the armed forces, has been separated therefrom under honorable conditions, and has established the present existence of a service-connected disability or is receiving compensation . . . ." 5 U.S.C. § 2108(2); *see Carey v. U.S. Postal Service*, 50 M.S.P.R. 359, 361 (1991). On petition for review, the appellant argues that he received information concerning possible exposure to contaminated water, he applied for disability benefits from the VA in March 2014, and he previously did not know he was eligible for VA disability benefits. PFR File, Tab 1 at 3. The appellant does not argue that he was in receipt of compensation or had a service-connected disability in December 2013, when the agency placed him in a non-pay status, or January 2014, when the agency terminated him. IAF, Tabs 2, 6; PFR File, Tab 1. We do not find that evidence of the appellant's application for VA disability benefits and

possible exposure to contaminated water establishes preference eligible status because this evidence does not show the existence of a service-connected disability or receipt of compensation at the time of employment with the agency or presently. 5 U.S.C. § 2108(2); *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶10 (2008). The appellant was therefore not a preference-eligible veteran either at the time of his employment with the agency or currently. Thus, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.